UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

Devon Williams,                :   CIVIL ACTION NO. 3:24-cv-417

      Plaintiff,         :       (JUDGE MANNION)

v.                             :

Ralph J. Overpeck, et. al.[1], :

      Defendants.

## MEMORANDUM

Presently before the court in this *pro se* civil rights lawsuit is the report and recommendation of Magistrate Judge Susan E. Schwab, (Doc. 15), dated July 29, 2024, and Plaintiff's request for default judgment, dated August 1, 2024. (Doc. 16). Judge Schwab conducted the legally required screening review of Plaintiff's amended complaint, (Doc. 12), and recommends that it be dismissed without leave to amend. After multiple deadline extensions, (Docs. 18, 20, 22), Defendant filed a timely objection to Judge Schwab's report. (Doc. 23). However, based on the court's review of the record as described below, the court will overrule Plaintiff's objections and adopt Judge Schwab's report and recommendation in its entirety. In turn, Plaintiff's request for default judgment will be denied as moot.

---

[1] This case was originally styled *Williams v. Shapiro et. al.*, but Defendant Josh Shapiro was terminated from this case on May 17, 2024, because he was not named in Plaintiff's amended complaint. (Doc. 12).

I.  **Background**

Since the report correctly states the procedural and factual background of this case, (Doc. 15 pp. 2-5), it will not be repeated fully herein. In short, this is a *pro se* civil rights lawsuit against law enforcement officials involved in Plaintiff's allegedly wrongful arrest following a vehicle and foot chase on November 19, 2019. Specifically, Plaintiff alleges that Police Officer Ralph J. Overpeck wrongfully arrested him without probable cause, Monroe County District Attorney David E. Christine illegally authorized Assistant District Attorney Chad A. Martinez to file charges against him without probable cause, and Judge Stephen M. Higgins of the Monroe County Court of Common Pleas falsely imprisoned him. In turn, Plaintiff brings Fourth Amendment "police misconduct," excessive force, and false arrest claims against Officer Overpeck, malicious prosecution claims against Officer Overpeck, District Attorney Christine, and Assistant District Attorney Martinez, and false imprisonment claims against Judge Higgins all pursuant to 42 U.S.C. §1983.

II.  **Legal Standard**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of

the report to which objections are made. 28 U.S.C. 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard of review is *de novo*, the district court "may also, in the exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and recommendations." *Bynum v. Colvin*, 198 F. Supp 3d 434, 437 (E.D. Pa. 2016) (citing *United Stated v. Raddatz*, 447 U.S. 667, 676 (1980)).

District courts also have an on-going statutory obligation to preliminarily review a *pro se* complaint to determine whether any claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915(e)(2)(B)(ii). This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In determining whether a complaint states a claim for relief, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci*, 867 F. Supp. 317, 318 (E.D. Pa. 1994). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, (1976)).

However, Rule 8 also plays an important role in *pro se* litigation, setting minimal pleading thresholds which must be met in order to initially state a claim. Therefore, dismissal of a complaint pursuant to Rule 8 is appropriate when a complaint is "illegible or incomprehensible," *Scibelli v. Lebanon County*, 219 F. App'x 221, 222 (3d Cir. 2007), or when a complaint "is not only of an unwieldy length, but it is also largely unintelligible." *Stephanatos v. Cohen*, 236 F. App'x 785, 787 (3d Cir. 2007). Thus, a *pro se* plaintiff's complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement.

## III. Discussion

Judge Schwab reports that even liberally construing Plaintiff's amended complaint, it fails to state a claim upon which relief can be granted because many of Plaintiff's claims are either time barred or barred by Defendants' immunity, and the rest are not adequately supported with factual allegations. In turn Judge Schwab recommends that Plaintiff's amended complaint be dismissed without leave to amend. Plaintiff objects arguing that his claims are not time barred, are factually supported, and should not be dismissed without leave to amend because Judge Schwab's recommendation is an inappropriate "defense" to his request for default judgment.

### A. Plaintiff's Claims against only Officer Overpeck

Plaintiff brings "police misconduct," false arrest, and excessive force claims against only Officer Overpeck. As to Plaintiff's "police misconduct" claim, Judge Schwab reports that no such claim exists. Plaintiff does not object to this finding and the court otherwise agrees with Judge Schwab. As to Plaintiff's excessive force and false arrest claims, those alleged constitutional violations occurred on November 17, 2019, when Officer Overpeck arrested Plaintiff. But Plaintiff did not initiate this lawsuit until March 8, 2024. "The statute of limitations applicable to §1983 claims in

Pennsylvania is two years." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). Thus, Judge Schwab concluded that these claims are barred by the statute of limitation because they accrued prior to March 8, 2022. *See Montanez v. Sec'y Pennsylvania Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)) ("Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'")

Plaintiff objects to this finding arguing that he did not know to raise these claims until March 3, 2023, when Judge Higgins granted Assistant District Attorney Martinez leave to *nolle presequi*. However, a false arrest claim does not accrue when charges are dropped. It is the "standard rule" that accrual of a claim "commences when the plaintiff has a complete and present cause of action," *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (citation omitted), which occurs for false arrest claims when a plaintiff "appear[s] before the examining magistrate and [is] bound over for trial," *i.e.*, "once the victim becomes held pursuant to [legal] process," *Wallace v. Kato*, 549 U.S. 384, 389, 391 (2007) (emphasis omitted). According to Plaintiff's own amended complaint he was held over for trial in March 2020, meaning his false arrest claim was rendered time barred in March 2022, two years before he even initiated this lawsuit.

Likewise, the accrual of excessive force claims is not based on the dropping of charges but begins on the date of arrest and alleged mistreatment. *See Large v. Cnty. of Montgomery*, 307 F. App'x 606 (3d Cir. 2009). Since the alleged excessive force here occurred on November 17, 2019, that claim became time barred as of November 17, 2021. Therefore, the court agrees with Judge Schwab and will overrule Plaintiff's objections on this issue.

### B. Plaintiff's Malicious Prosecution Claims

Plaintiff brings malicious prosecution claims against Officer Overpeck, District Attorney Christine, and Assistant District Attorney Martinez. As to District Attorney Christine and Assistant District Attorney Martinez, Judge Schwab reports that both Defendants are entitled to prosecutorial immunity. A prosecutor is entitled to absolute immunity from a claim based on them "initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Since Plaintiff's claims are based on Defendants Christine and Martinez's roles in initiating criminal charges against him, Judge Schwab concluded that these Defendants are immune from such claims. Plaintiff does not object to this finding and the court otherwise agrees with Judge Schwab.

As to Officer Overpeck, Judge Schwab reports that Plaintiff has failed to adequately plead facts to support his malicious prosecution claim against him. Specifically, Judge Schwab found that Plaintiff summarily states that Officer Overpeck lacked probable cause to arrest him but attaches Officer Overpeck's affidavit of probable cause, which he only cites selectively in his amended complaint but does not dispute the veracity of the overall assertions therein.

Plaintiff objects to this finding arguing that he did satisfy the elements of a malicious prosecution claim. He also argues that the alleged fact Officer Overpeck stated he lost sight of him between the vehicle and foot chase preceding his arrest indicates a lack of probable cause. Still Plaintiff does not challenge the overall veracity of Officer Overpeck's affidavit of probable cause. Moreover, Plaintiff still only baldly asserts that Officer Overpeck acted maliciously or for a purpose other than bringing him to justice. Plaintiff does not state how or why Officer Overbeck acted maliciously. He only claims that Officer Overbeck lacked probable cause to arrest him. Even disregarding Officer Overpeck's affidavit, the mere lack of probable cause alone does not support a malicious prosecution claim. Officer Overbeck needs to have acted with some malicious intent. Therefore, the court agrees with Judge Schwab and will overrule Plaintiff's objections on this issue.

### C. Plaintiff's Claims against Judge Higgins

Plaintiff brings false imprisonment claims against Judge Higgins but does not clarify whether he brings those claims against him in his individual or official capacity. As to his official capacity Judge Schwab reports that because Judge Higgins is a judge of the Court of Common Pleas of Monroe County, which is a Commonwealth entity, the claims against him in his official capacity are really claims against the Commonwealth and, as such, are barred by the Eleventh Amendment. *See Benn v. First Judicial Dist. of Pa.*, 426 F. 3d 233, 241 (3d Cir. 2005). Plaintiff does not object to this finding and the court otherwise agrees with Judge Schwab.

As to his personal capacity Judge Higgins is entitled to absolute judicial immunity from §1983 claims. The Supreme Court long has recognized that judges are immune from suit under §1983 for monetary damages arising from their judicial acts. *See Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 768 (3d Cir. 2000) (citing *Hafer v. Melo*, 502 U.S. 21, 30–31 (1991)). Judge Higgins acts are classic duties of presiding judicial officers and there is no evidence he lacked jurisdiction to take these actions. Thus, he is entitled to absolute judicial immunity from Plaintiff's claims. Plaintiff also does not object to this finding and the court otherwise agrees with Judge Schwab.

**D. Leave to Amend and Plaintiff's Request for Default Judgment**

Judge Schwab recommends that Plaintiff's amended complaint be dismissed without leave to amend because Plaintiff was already given an opportunity to file an amended complaint, yet still failed to state a claim in that amended complaint. Moreover, three of the four defendants named in his amended complaint, District Attorney Christine, Assistant District Attorney Martinez, and Judge Higgins are entitled to immunity from his claims. As to the other Defendant, Officer Overpeck, Plaintiff's claims against him are either time barred or despite prior leave to amend fail to state a claim. Thus, Judge Schwab concluded that further leave to amend would be futile.

Plaintiff objects to this finding because that "recommended dismissal appears to only be attempted as a defense to [his] August 1, 2024, request for entry of default." (Doc. 23 p. 3). Plaintiff argues he is entitled to default judgment because Defendants have not responded to his amended complaint despite it being filed on May 17, 2024. However, Defendants have not responded to Plaintiff's amended complaint because they have not been served with that complaint. Whereas here a Plaintiff is *pro se* the court has a duty to screen a plaintiff's complaint before serving it on a defendant. Judge Schwab conducted this legally required screening review of Plaintiff's amended complaint and made the present recommendation that it be

dismissed, before it is even served on Defendants, on July 29, 2024. So, although the court recognizes that Plaintiff may not have received the present report and recommendation before he filed his request for default judgement, on August 1, 2024, that report and recommendation still predates his request for default judgment and is thus not a defense to it.

Plaintiff does not offer any other arguments to contravene Judge Schwab's findings regarding the futility of giving him leave to further amend his complaint. Even if he did, the court agrees with Judge Schwab. Plaintiff's claims are time barred, immunity barred, or lacking in factual support despite previous leave to amend. Accordingly, further leave to amend would be futile. See Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) ("if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile.")

Since the court will in turn dismiss Plaintiff's amended complaint without leave to amend, Plaintiff's request for default judgement must also be denied as moot.[2]

---

[2] Even if Plaintiff's request for default judgment was not moot, the court would also have to deny that request on the previously explained basis that Defendants have not been served with Plaintiff's amended complaint and are therefore not in default.

- 11 -

## IV. Conclusion

Based on the aforesaid, the court will overrule Plaintiff's objections and adopt Judge Schwab's report and recommendation in its entirety. Plaintiff's amended complaint will be dismissed without leave to amend and his request for default judgment will be denied as moot. An appropriate order follows.

MALACHY E. MANNION
United States District Judge

DATE: November 7, 2024
24-417-01